**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WYLMINA ELIZABETH HETTINGA, | No. 21-55818 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-06092-PA-DFM |
| v. | |
| GAVIN NEWSOM, in his official capacity as the Governor of California; ALEX PADILLA, Secretary of State of California, in his official capacity as the Secretary of the State of California; STATE OF CALIFORNIA; DOES, 1 to 4, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Wylmina Elizabeth Hettinga appeals pro se from the district court's

judgment dismissing her 42 U.S.C. § 1983 action alleging First Amendment

---

   *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Hettinga's claims against the State of California and defendants Newsom and Padilla in their official capacities on the basis of Eleventh Amendment immunity. *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (discussing Eleventh Amendment immunity).

The district court properly dismissed Hettinga's claims against defendant Padilla in his individual capacity because Hettinga failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Angle v. Miller*, 673 F.3d 1122, 1132-33 (9th Cir. 2012) (explaining the state's important regulatory interests in ballot initiatives and election regulations).

We reject as meritless Hettinga's contentions that the district court was biased against her.

**AFFIRMED.**